**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RICHARD A. ROCKWOOD,

           Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

           Agency.

DOCKET NUMBER
CH-0831-16-0016-I-1

DATE: June 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Richard A. Rockwood, Blue Island, Illinois, pro se.

Kristine Prentice, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) reducing the appellant's retirement annuity by eliminating credit for his post-1956 military service. Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The appellant served on active military duty from September 25, 1972, to September 24, 1976. Initial Appeal File (IAF), Tab 4 at 36. After his military service, he was employed by the Department of Veterans Affairs from November 24, 1976, to May 25, 1984, and by the U.S. Postal Service from May 26, 1984, to March 2, 2012. *Id.* at 25, 27. On March 2, 2012, the appellant retired under the Civil Service Retirement System (CSRS) without having paid a deposit for his post-1956 military service. *Id.* at 24, 30, 37. In a final decision dated September 23, 2015, OPM notified the appellant that it had recomputed his monthly CSRS annuity benefit by eliminating credit for his post-1956 military service because he had not made a deposit for that service and he had become eligible for Social Security benefits at age 62. *Id*. at 67.

¶3        The appellant filed a Board appeal challenging OPM's decision to reduce his annuity, asserting that he had been told that his annuity would not be reduced if he did not collect Social Security benefits. IAF, Tab 1 at 2, 4. He did not

request a hearing. *Id.* at 1. In an initial decision based on the parties' submissions, the administrative judge affirmed OPM's decision, finding that the appellant failed to make a post-1956 military service deposit prior to his retirement or prior to OPM's adjudication of his application for retirement and that there was no administrative error on the part of OPM or the employing agency that caused the appellant's failure to make the deposit. IAF, Tab 8, Initial Decision (ID). The appellant has filed a petition for review of the initial decision, and OPM has responded. Petition for Review (PFR) File, Tabs 1, 4.

¶4        An annuitant who retires after September 7, 1982, is entitled to receive credit for active duty military service performed after 1956 under both the CSRS and the Social Security system if he deposits an amount equal to 7 percent of his total post-1956 military pay, plus interest, with the Civil Service Retirement and Disability Fund. *Hooten v. Office of Personnel Management*, 114 M.S.P.R. 205, ¶ 6 (2010); *see* 5 U.S.C. § 8334(j). If the annuitant fails to make such a deposit, OPM must recalculate the annuity payments when the annuitant first becomes eligible for Social Security benefits to exclude credit for the post-1956 military service. 5 U.S.C. § 8334(j); *Hooten*, 114 M.S.P.R. 205, ¶ 6. Those who retire on or after October 1, 1983, must make the deposit before their separation from the service upon which entitlement to an annuity is based. *Hooten*, 114 M.S.P.R. 205, ¶ 6; 5 C.F.R. § 831.2104. The Board will order OPM to permit a post-separation deposit, however, if there was administrative error by the individual's employing agency or OPM and the annuitant's failure to make the deposit prior to retirement was the product of that administrative error. *Hooten*, 114 M.S.P.R. 205, ¶ 6; 5 C.F.R. § 831.2107(a)(1). The Board has found administrative error where the agency provides material misinformation regarding the deposit or the consequences of failing to make the deposit to the employee prior to his separation. *Lancaster v. Office of Personnel Management*, 112 M.S.P.R. 76, ¶ 8 (2009). The appellant has the burden of

proving by a preponderance of the evidence that an administrative error took place. *Id.*

¶5    The appellant appears to argue that his employing agency committed an administrative error by incorrectly informing him that his annuity would not be reduced after he became eligible for Social Security benefits if he did not collect Social Security benefits and that his failure to make a deposit prior to retirement was the product of that administrative error. PFR File, Tab 1 at 3-4, 6; IAF, Tab 1 at 2, 4. He further contends that he should be allowed to make a post-separation deposit, with interest, to receive an unreduced annuity due to his reliance on this misinformation. PFR File, Tab 1 at 6. OPM argued below that, even if the appellant received erroneous information from his employing agency, no administrative error occurred because the appellant received and signed Standard Form (SF) 2801, Application for Immediate Retirement, and OPM Form 1515, Military Service Deposit Election, which correctly notified him of his opportunity to make a deposit prior to his separation and of the consequences of failing to do so. IAF, Tab 4 at 4-5.

¶6    The Board has held that the 1990 version of the SF-2801 provides sufficient notice of the opportunity to make a deposit and of the consequences of not doing so. *Drury v. Office of Personnel Management*, 79 M.S.P.R. 493, ¶¶ 12-13 (1998). Here, the record reflects that the agency provided the appellant the 2007 version of the SF-2801. IAF, Tab 4 at 11-24. Although the Board has not addressed previously whether the 2007 version of the SF-2801 provides an applicant sufficient notice, the 1990 and 2007 versions contain essentially identical relevant language.[2] *See Drury*, 79 M.S.P.R. 493, ¶ 12; IAF, Tab 4 at 13. The appellant

---

[2] Both the 2007 and 1990 versions of the SF-2801 explain that employees who performed military service after January 1, 1957, "may pay a deposit . . . to cover that service" and that it "***must be paid to your agency while you are still employed***." IAF, Tab 4 at 13 (emphasis in original); *see Drury*, 79 M.S.P.R. 493, ¶ 12. Both versions further state that, if an employee does not pay the military service deposit and becomes eligible for Social Security benefits at age 62, his "annuity will be recomputed (at age

does not dispute that he received and completed the 2007 version of the SF-2801, and the record reflects that he listed his dates of military service on the application form and checked "No" in response to the question about whether he paid a deposit to his agency for this service. IAF, Tab 4 at 24. Thus, we find that the 2007 version of the SF-2801 afforded the appellant sufficient notice of his opportunity to make a deposit for his post-1956 military service prior to his separation and of the consequences of not doing so. *See Drury*, 79 M.S.P.R. 493, ¶¶ 12-13.

¶7      In addition, the agency provided the appellant with the 2000 version of OPM Form 1515, which explained that an individual will receive CSRS credit for post-1956 military service after becoming eligible for Social Security benefits only if he makes a deposit for that service before separation from Federal service, and that failure to pay the deposit will result in a reduction in his CSRS annuity when he becomes eligible for Social Security benefits. IAF, Tab 4 at 37-39. The form requires the individual to complete and sign an "Employee Election" in which he is given the choice between making and not making a deposit. *Id.* at 37. The appellant placed an "X" in the box corresponding to "I do not want to pay (or complete) this deposit" and signed the form. *Id.*

¶8      Because the appellant received and completed the SF-2801 and OPM Form 1515, we find that his unsubstantiated allegation that his employing agency provided him incorrect information regarding the reduction to his annuity upon becoming eligible for Social Security benefits is insufficient to show that he was incorrectly advised of his right to make a deposit for his post-1956 military

62) to eliminate credit for the post-1956 military service." IAF, Tab 4 at 13; *see Drury*, 79 M.S.P.R. 493, ¶ 12. In the application section, both the 1990 and 2007 versions ask the applicant to list the nature and dates of all military service performed and, if any of the service occurred on or after January 1, 1957, to indicate whether he paid a deposit to the agency for this service. IAF, Tab 4 at 24; *see Drury*, 79 M.S.P.R. 493, ¶ 12. Both forms further advise that "[y]ou must pay this deposit to your agency before separation. You cannot pay OPM after you retire." IAF, Tab 4 at 24; *see Drury*, 79 M.S.P.R. 493, ¶ 12.

service and of the consequences of failing to do so. We therefore agree with the administrative judge that the appellant did not show that his failure to make a post-1956 military service deposit prior to his separation was caused by an administrative error within the meaning of 5 C.F.R. § 831.2107.

¶9      The appellant also states on review that he was poisoned by the water while stationed at Camp Lejeune, North Carolina, which may have affected his judgment in this matter. PFR File, Tab 1 at 3. The appellant did not mention below that he was suffering from any impaired judgment at the time of his retirement, nor did he allege that his impaired judgment had any effect on his ability to comprehend the information provided to him regarding making a post-1956 military service deposit. IAF, Tab 1. Rather, as discussed above, he alleged only that the agency incorrectly informed him that his annuity would not be reduced upon becoming eligible for Social Security benefits if he did not collect Social Security benefits. *Id.* at 2, 4. Because the appellant did not raise this argument below and he has not shown that he was precluded from doing so, we need not consider this argument now for the first time on review. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (explaining that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶10     Even if we were to consider the appellant's argument that his judgment was affected by his exposure to contaminated water at Camp Lejeune, the result in this matter would be the same. A showing of mental incompetence may relieve an appellant "from the consequences of a written election he seeks to void." *Collins v. Office of Personnel Management*, 45 F.3d 1569, 1573 (Fed. Cir. 1995). However, we do not interpret the appellant's statement as an allegation that he was incompetent to make an election regarding the post-1956 military service deposit. To the extent that the appellant intended to make such an allegation, he has proffered no evidence, such as an affidavit or medical documentation, that

would support a finding that he was incapable of making a rational decision regarding the deposit or unable to fully understand the consequences of not making the deposit because of his alleged exposure to contaminated water in the 1970s. *Cf. Frizzell v. Department of the Air Force*, 53 M.S.P.R. 413, 416 (1992) (rejecting the appellant's claim that he was incompetent to enter into a settlement agreement because there was no evidence that his claimed condition "was such as to render him incapable of making a rational decision to sign the agreement, or that he was unable to fully understand the nature of the agreement").

¶11     Accordingly, we affirm the initial decision in this matter.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is

available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.